IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| RICHARD A. PLASTOW, | ) | CASE NO. 3:12CV1838 |
| | ) | |
| Petitioner, | ) | JUDGE BOYKO |
| | ) | |
| v. | ) | MAGISTRATE JUDGE VECCHIARELLI |
| | ) | |
| NEIL TURNER, Warden, | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| Respondent. | ) | |

This matter is before the magistrate judge pursuant to Local Rule 72.2(b)(2).

Before the court is the petition of Richard A Plastow ("Plastow") for a writ of habeas

corpus filed pursuant to 28 U.S.C. § 2254 on July 17, 2012.  Plastow is in the custody of

the Ohio Department of Rehabilitation and Correction pursuant to journal entry of

sentence in the case of *State of Ohio vs. Plastow*, Case No. 2010 CR 1897 (Stark

County 2010).  For the reasons set forth below, Plastow's petition should be dismissed.

I.

In 2004, Plastow pleaded guilty to gross sexual imposition involving a four year

old child.  The court sentenced him to three years' imprisonment.  *State v. Plastow*,

Case No. 2004 CR 0064 (Stark County 2004).  Although the sentencing entry in

Plastow's case included a notification of post release control, the trial court at the

sentencing hearing failed to apprise Plastow of post release control.  The state later

conceded that Plastow was not properly notified of his post release control

requirements.  Plastow did not appeal his 2004 conviction or sentence.

The state appellate court hearing Plastow's direct appeal found the following

additional facts to be relevant to Plastow's case:

> [I]n advance of Appellant's release from prison, post release control officer Rick
> Polinori was assigned so supervise Appellant during his post release control
> (PRC), which was to continue for five (5) years.  (T. at 25, 50).  In January, 2007,
> Polinori conducted a placement interview with Appellant's parents in anticipation
> of Appellant taking up residence with them at their home in Louisville, Ohio.
> During such interview, Polinori advised Appellant's parents that there was a
> warrantless search policy which would allow either him or law enforcement to
> conduct a search of the residence in relation to Appellant.  (T. at 27–28, 59).
> Polinori stated that the parents agreed to this condition of Appellant's
> supervision. *Id.*
>
> {¶ 8} As further conditions of his PRC, Appellant was required to agree to not
> possess or use any computer, computer modem, or flash drive without the
> knowledge and permission of the Adult Parole Authority (APA).  Appellant was
> only permitted to use one computer which had a monitoring program installed on
> it called "Covenant Eyes" which would send reports to the APA as to what
> content and websites Appellant was viewing.
>
> {¶ 9} In May, 2010, Appellant requested permission to leave the county to visit
> his girlfriend in Cincinnati.  Consequently, Polinori telephoned the girlfriend's
> parents to obtain permission for Appellant to stay with them at their house.
> During such conversation, the girlfriend's mother expressed some concerns she
> had about Appellant, including time he spent viewing of pornography on his
> computer.  (T. at 34–35).
>
> {¶ 10} On June 10, 2010, Polinori had a meeting with Appellant to address these
> allegations.  At that time, Appellant admitted that he had been looking at adult
> pornography and images of young girls modeling on a computer which he built
> himself.  Based on these admissions, Appellant was arrested.
>
> {¶ 11} That same afternoon, Polinori and another APA officer went to Appellant's
> parents' house to further investigate.  Appellant's mother permitted them to enter
> and directed them to the basement where Appellant was staying.  As a result of
> their search, they seized a laptop computer and a tower personal computer in
> addition to a number of thumb drives.  These items were delivered to the Stark

County Crime Lab for further investigation.  (T. at 36).

{¶ 12} On June 15, 2010, Appellant was released from the Stark County Jail with a written sanction for violating his PRC rules and was placed under GPS tracking and house arrest. (T. at 38).

{¶ 13} The crime lab subsequently finished investigating Appellant's computers and discovered pornography on both computers which included adults, children modeling and nude images of children.  (T. at 44).

{¶ 14} As a result, Appellant was arrested.

{¶ 15} On December 27, 2010, the Stark County Grand Jury indicted Appellant on four (4) counts of pandering obscenity involving a minor, in violation of R.C. § 2907.321(A)(5), a fourth degree felony.

{¶ 16} On February 15, 2011, Appellant filed a motion to suppress the evidence seized from his computers.  Appellant argued that his PRC was improper, that the search was conducted without a warrant and therefore was unconstitutional.

{¶ 17} On February 22, 2011, the trial court held a hearing on Appellant's motion. At said hearing, the State presented the testimony of Officer Polinori, as set forth above.

{¶ 18} The trial court overruled Appellant's motion to suppress finding that Polinori had both consent to search the residence and further had a good faith basis for believing that Appellant was properly under post release control and the associated supervising requirements and conditions which allowed a warrantless search.

{¶ 19} On March 14, 2011, Appellant entered a no contest plea to the charges as set forth in the indictment.  Upon finding Appellant guilty, the trial court merged two of the four counts and sentenced Appellant to an aggregate term of imprisonment of thirty-six (36) months.  Appellant was also designated a Tier II sex offender and was notified of his duties to register upon release from prison.

*State v. Plastow*, 2011 WL 2848835, at *1-*2 (Ohio App. July 18, 2011) (footnote omitted).

On April 11, 2011, Plastow moved in the court adjudicating his 2004 conviction for termination of his post release control.  On May 10, 2011, that court terminated

3

Plastow's post release control as void.[1]

Plastow timely appealed the 2011 conviction and sentence.  In his brief in support of his appeal, Plastow asserted a single assignment of error:

> The trial court erred in overruling appellant's motion to suppress all evidence arising out of or resulting from the relationship with P.R.C. officer Polinori and the search of appellant's residence.

On July 18, 2011, the state appellate court affirmed the judgment of the trial court.

Plastow timely appealed the state appellate court's decision to the Ohio Supreme Court. In his memorandum in support of jurisdiction, Plastow asserted two propositions of law:

> Proposition of Law I:  The Appellate Court violated Appellate Rule 12(a) when it failed to pass on each Assignment of Error in writing, stating the reasons for the Court's decision as to each such error.  (App. R. 12(a)(1)(c)).

> Proposition of Law II:  The Trial Court erred in overruling Appellant's Motion to Suppress all the Evidence arising out of or resulting from the relationship with P.R.C. Officer Polinori and the search of Appellant's residence.

(Capitalization in the original.)  On November 9, 2011, the Ohio Supreme Court declined jurisdiction and dismissed Plastow's appeal as not involving any substantial constitutional question.

Plastow filed in this court his petition for a writ of habeas corpus on July 17, 2012.  Plastow asserts one ground for relief in his petition:

> In denying petitioner's motion to suppress evidence, the Ohio courts decided the issues contrary to, or involved an unreasable [sic] application of, clearly

---

[1] The state appellate court reviewing Plastow's conviction and sentence incorrectly gave the date of termination as May 10, 2010.  Examination of a copy of the judgment entry terminating Plastow's post-release control confirms that the date was, indeed, May 10, 2011.  *See* Judgment Entry, May 10, 2011, attached as Exh. A9 to Brief of Defendant-Appellant, Exh. 8.

4

established federal law or resulted in a decision that was based on the unreasonable determination of the facts in light of the evidence prsentented [sic] in the state court proceedings, in violation of petitioner's constitutional rights.

Respondent filed an Answer/Return of Writ on October 31, 2012.  Doc. No. 7.  Plastow filed a Traverse on November 27, 2012.  Doc. No. 8.  Thus, the petition is ready for decision.

II

*A.  Jurisdiction*

The Court of Common Pleas of Stark County, Ohio sentenced Plastow.  Plastow filed his writ of habeas corpus in the Northern District of Ohio and raises claims regarding the constitutionality of his incarceration under 28 U.S.C. § 2254.

Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions. . . . Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application.

28 U.S.C. § 2241(a ) & (d).  Stark County is within this court's geographic jurisdiction.  This court has jurisdiction over Plastow' petition.

*B.     Evidentiary hearing*

The habeas corpus statute authorizes an evidentiary hearing in limited circumstances when the factual basis of a claim has not been adequately developed in state court proceedings.  28 U.S.C. § 2254(e)(2).  There is no need for an evidentiary hearing in the instant case.  All of Plastow's claims involve legal issues that can be independently resolved without additional factual inquiry.

5

*C.*    *Exhaustion of state remedies*

A state prisoner must exhaust all available state remedies or have no remaining state remedies available prior to seeking review of a conviction via federal habeas corpus.  28 U.S.C. § 2254(b) and (c); *Castillo v. Peoples*, 489 U.S. 346, 349 (1989); *Riggins v. Macklin*, 936 F.2d 790, 793 (6th Cir. 1991).  If any state procedures for relief remain available, the petitioner has not exhausted state remedies.  *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

A petitioner must fairly present any claims to the state courts in a constitutional context properly to exhaust state remedies.  *Anderson v. Harless*, 489 U.S. 4 (1982); *Picard v. Connor*, 404 U.S. 270 (1971); *Shoultes v. Laidlaw*, 886 F.2d 114, 117 (6th Cir. 1989).  "[O]nce the federal claim has been fairly presented to the state courts, the exhaustion requirement is satisfied."  *Picard*, 404 U.S. at 275; *see also Harris v. Reeves*, 794 F.2d 1168. 1174 (6th Cir. 1986).  The exhaustion requirement is properly satisfied when the highest court in the state in which petitioner was convicted has been given a full and fair opportunity to rule on all the petitioner's claims.  *Manning v. Alexander*, 912 F.2d 878, 881-83 (6th Cir. 1990).

Plastow has no state remedies available for his claims.  Because no state remedies remain available to him, Plastow has exhausted state remedies.

*D.*    *Procedural default*

Reasons of federalism and comity generally bar federal habeas corpus review of "contentions of federal law . . .  not resolved on the merits in the state proceeding due to respondent's failure to raise them there as required by state procedure."  *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977).  When a petitioner

6

has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991).  Procedural default occurs when a petitioner fails to present fairly to the highest state court his claims in a federal constitutional context.  *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Anderson v. Harless*,  459 U.S. 4 (1982).  Moreover, a failure to present a claim to the highest court in the state deprives a federal court hearing a habeas petition of jurisdiction on that issue.  *See  McKeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000).

Respondent does not argue that Plastow has procedurally defaulted his ground for relief.

III.

The Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA") altered the standard of review that a federal court must apply when deciding whether to grant a writ of habeas corpus.  As amended, 28 U.S.C. § 2254(d) provides:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A writ of habeas corpus may issue only if the state court's decision is contrary to clearly established federal law or was based on an unreasonable determination of the facts in light of the evidence.  *Carey v. Musladin*, 549 U.S. ___, 127 S. Ct. 649, 653 (2006);

7

*Williams v. Taylor*, 529 U.S. 362, 379-90 (2000).  Law is "clearly established" only by holdings of the Supreme Court, not its dicta, and the law must be clearly established at the time of the petitioner's conviction.  *Carey*, 127 S. Ct., at 653.

Courts must give independent meaning to the phrases "contrary to" and "unreasonable application of" in § 2254(d)(1):

> Section 2254(d)(1) defines two categories of cases in which a state prisoner may obtain federal habeas relief with respect to a claim adjudicated on the merits in state court.  Under the statute, a federal court may grant a writ of habeas corpus if the relevant state-court decision was either (1) "*contrary to* . . . clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "*involved an unreasonable application of* . . . clearly established Federal law, as determined by the Supreme Court of the United States."

*Williams*, 529 U.S. at 404-05 (emphasis added by the quoting court).  A decision is "contrary to" clearly established federal law if it reaches a conclusion opposite to that reached by Supreme Court holdings on a question of law or if it faces a set of facts materially indistinguishable from relevant Supreme Court precedent and still arrives at an opposite result.  *Id.* at 405-06.   A decision involves an unreasonable application of federal law only if the deciding court correctly identifies the legal principle at issue and unreasonably applies it to the facts of the case at hand.  *Doan v. Brigano*, 237 F.3d 722, 729-31 (6th Cir. 2001).  The court will examine Plastow's sole ground for relief using the deferential standard applied to state court rulings on the petitioner's claims.

Plastow contends that the trial court violated his Fourth Amendment rights by denying his motion to suppress the evidence obtained from Polinori's search of Plastow's room.  According to Plastow, the portion of Polinori's 2004 sentence requiring post release control was void *ab initio.*  Thus, Plastow continues, everything flowing from that void portion of his sentence was a legal nullity, including Plastow's status on

8

post release control and his relationship with Polinori.  From this, Plastow concludes that there was no legal basis for Polinori's search of Plastow's room, and the results of that search should have been suppressed.  Finally, Plastow asserts that the Ohio courts deprived him of the opportunity to fully litigate his Fourth Amendment claim by ignoring parts of his legal argument, making unreasonable determinations of fact in light of the evidence, and by misapplying relevant federal law.

Respondent replies that because Plastow had a full and fair opportunity to adjudicate his Fourth Amendment claim in the state courts, this court his barred from reviewing the substance of that claim.  In addition, respondent asserts that the results of Polinori's search of Plastow's room should not have been suppressed because Polinori had a reasonable belief that he was entitled to conduct the search.

Habeas corpus is not generally available on the ground of a violation of rights protected by the Fourth Amendment if the petitioner had an opportunity to present the Fourth Amendment claims in state courts.  The Supreme Court has held that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial."  *Stone v. Powell*, 428 U.S. 465, 494 (1976).

The determination as to whether a petitioner has had "an opportunity for full and fair litigation of a Fourth Amendment claim" requires

> a district court to make two distinct inquiries in habeas proceedings.  Initially, the district court must determine whether the state procedural mechanism, in the abstract, presents the opportunity to raise a fourth amendment claim.  Second, the court must determine whether presentation of the claim was in fact frustrated because of a failure of that mechanism.

9

*Riley v. Gray*, 674 F.2d 522, 526 (6th Cir. 1982) (citations omitted).  The Sixth Circuit has determined that "[t]he mechanism provided by the State of Ohio for the resolution of fourth amendment claims is . . . clearly adequate."  *Id.*  The relevant issue, therefore, is whether presentation of Plastow's claim was frustrated because of a failure of that mechanism.

Examination of the record before the court reveals that the state court adjudication of Plastow's claims was procedurally adequate.  Plastow had an opportunity to fully brief his arguments through counsel prior to a suppression hearing, and counsel represented him at the hearing.  *See* Motion to Suppress, Feb. 14, 2011, Petition, Exh. 3; Response to Motion to Suppress, Feb. 15, 2011, Petition, Exh. 3; Transcript of Hearing, February 22, 2011, Petition, Exh. 5.  Plastow's attorney made an opening statement, cross-examined the only witness for the state, had an opportunity to call witnesses for the defense, and made a closing argument.  The court denied the motion from the bench and explained the reasons for its ruling.  The court supplemented that ruling with a judgment entry summarizing the court's central finding that evidence obtained from Polinori's search should not be suppressed because Policari had an objectively reasonable belief in the validity of his search.  The judgment entry also cited the law relevant to this finding.  Plastow appealed the trial court's decision to the state appellate court, and the appellate court overruled Plastow's assignment of error with an opinion that fully explained the appellate court's decision.  Plastow also petitioned the Ohio Supreme Court to exercise jurisdiction over a further appeal and presented arguments in favor of exercising jurisdiction.  There were no procedural shortcomings in the state adjudication of Plastow's claim.

10

Plastow argues, however, that the state mechanism for adjudicating his claim failed because the state courts ignored parts of his legal argument, made unreasonable determinations of fact in light of the evidence, and misapplied relevant federal law. Egregious error may, under some circumstances, be grounds for finding that a petitioner has been denied a full and fair hearing:

> When a petitioner alleges egregious error in the application of fourth amendment principles, of a magnitude and nature similar to the state court error present in *Gamble* [*v. Oklahoma*, 583 F.2d 1161 (10th Cir. 1978)], however, a federal habeas court might be justified in concluding that an opportunity for a full and fair hearing had not been afforded the petitioner.

*Riley*, 674 F.2d at 526.  In *Gamble*, the state courts failed to apply the holding announced in *Brown v. Illinois*, 422 U.S. 590 (1975).  *Brown* held that merely giving a Miranda warning is insufficient to allow admission of evidence resulting from a Fourth Amendment violation and that specific factors should be considered in deciding whether improperly-obtained evidence should be admitted.  The *Gamble* court found that the state courts had mistakenly failed to cite *Brown*, failed to apply the *Brown* factors, and found that a Miranda warning alone was sufficient to make improperly-obtained evidence admissible.  *See Gamble*, 583 F.2d at 1163.

Plastow fails to demonstrate egregious error of the sort that permeated *Gamble*. The state appellate court reviewing Plastow's claim on direct appeal made the following relevant findings of fact and reached the following conclusions of law with respect to that claim:

> {¶ 25} Appellant herein argues that because his PRC from his 2004 conviction was void, the warrantless search of his residence was unconstitutional.
>
> {¶ 26} In a recent 2010 case, *Hunt v. United States,* U.S.D.C., S.D. Ohio, No.

2:09–CV–419, the United States Supreme Court[2] was presented with a case where a defendant argued that he was improperly placed on post release control under the Ohio Supreme Court's decision in *State v. Singleton* (2009), 124 Ohio St.3d 173, 920 N.E.2d 958, and the Ohio Adult Parole Authority and parole officer therefore illegally searched his residence, leading to the federal firearm charge upon which he was convicted.

{¶ 27} The *Hunt* court rejected this argument, finding that the principles set forth in *United States v. Leon,* 468 U.S. 897 (1984) were applicable, therein stating:

{¶ 28} "In *Leon,* the Supreme Court held that the fruits of a search which violates the Fourth Amendment need not be suppressed unless the searching officers either "were dishonest or reckless in preparing their affidavit or could not have harbored an objectively reasonable belief in the existence of probable cause." *Id.* at 926.  Although Leon involved a search conducted pursuant to a warrant, the Supreme Court has held that its principles are equally applicable to searches conducted pursuant to a statute which authorizes warrantless searches and which is later held to be unconstitutional.  In *Illinois v. Krull,* 480 U.S. 340, 349, 107 S.Ct. 1160, 94 L.Ed.2d 364 (1987), the Court concluded that if an officer's reliance on such a statute is "objectively reasonable," the fruits of the search will not be suppressed."

{¶ 29} In the case before this Court, we find that Officer Polinori's beliefs that his actions were authorized pursuant to R.C. § 2967.131 were objectively reasonable under *Leon,* supra.  He testified that he even sent Appellant's 2004 sentencing entry to the APA [Adult Parole Authority] in Columbus to review after the Ohio Supreme Court ruled in *State v. Fischer,* 128 Ohio St.3d 92, 2010–Ohio–6238, that when a trial court fails to notify a defendant of his post release control both at the sentencing hearing and in the judgment entry of sentence that portion of the sentence is void.  He stated that the APA advised him that the sentencing entry was valid and that he made a notation as to such validity of Appellant's PRC notification on his computer.  (T. at 32, 46).  He further stated that he never received anything from the APA or the trial court advising him that Appellant's PRC was void, or anything other than valid. (T. at 52).

{¶ 30} Accordingly, we find that the trial court did not err in overruling Appellant's motion to suppress.

*Plastow*, 2011 WL 2848835 at *3-*4.

---

[2]  The state appellate court erred in attributing this decision to the Supreme Court. As the citation indicates, the decision came from the United States District Court for the Southern District of Ohio.

Plastow contends, first, that the state courts erred by ignoring parts of his legal argument.  According to Plastow, the state courts erroneously did not address Plastow's conclusion that because Plastow's sentence to post release control was void *ab initio*, Polinori's search was without any legal foundation.  But this argument misses the point.  The issue is whether the searching officer *believed* s/he was conducting a lawful search and whether this belief was objectively reasonable.  Suppression of evidence is not appropriate every time a search violates the Fourth Amendment.  Suppression of evidence is meant only to deter searches in which the person conducting the search could not have had an objectively reasonable belief that the search was legally warranted.  Accordingly, the fruits of a search that violates the Fourth Amendment are only suppressed if the searching officers were dishonest or reckless in preparing their affidavit or could not have had an objectively reasonable belief that the search was lawful.  *Leon,* 468 U.S. at 926.  Thus, the issue of whether the PRC was void *ab initio* is not relevant or material to the issue of whether Polinori could have reasonably believed the search was legally justified.

Plastow also contends that, in light of the evidence in the record, the state courts unreasonably determined that Polinori could have reasonably believed that his search was legally justified:

> The Court of Appeals also utterly failed to consider certain facts which were a part of the record.  Specifically, the post release control officer had the 2004 case judgment entry in hand when both the Trial Court and Court of Appeals stated he made "objectively reasonable" reliance on Petitioner's status of being on post release control.  Although Mr. Polinori was aware of the notice requirements and the entry itself showed lack of notice, the Trial Court and Court of Appeals failed to recognize that the document he had in his hand clearly fails to give the required notice pursuant to the Ohio Revised Code.

13

Petition at 8.  Again, Plastow misreads the opinion of the state appellate court.  That court noted that Polinori was aware of the Ohio Supreme Court's ruling in *Fisher* that when a trial court fails to notify a defendant of his post release control both at the sentencing hearing and in the judgment entry of sentence that the portion of the sentence relating to post release control is void.  For this reason, the court continued, *Poliori sent the judgment entry* to the APA for its opinion regarding the validity of Plastow's sentence.[3]  Polinori then deferred to the conclusion of the APA that Plastow's sentence was valid.  The state court's determination that Plastow's deference to the opinion of his superiors was reasonable is itself a reasonable determination.

Finally, Plastow contends that the state courts misapplied relevant federal law.  Plastow contends that the state appellate court relied almost exclusively on *Hunt v. United States*, 2010 WL 3703205 (S.D. Ohio), which, according to Plastow, "is not controlling on the state courts of Ohio."  Petition at 9.  But the state appellate court relied on *Hunt* only as an application of the Supreme Court's decision in *Leon*.  The decision reached by the state appellate court was entirely in accord with the holding in *Leon* that the fruits of a search that violates the Fourth Amendment should be only suppressed if the searching officers were dishonest or reckless in preparing their affidavit or could not have had an objectively reasonable belief that there was probable cause for the search.  In this respect, the state courts did not misapply federal law.

For the reasons given above, the state appellate court did not commit "egregious error" in determining that the trial court was correct in finding that evidence obtained

---

[3]  The state appellate court recognized, therefore, that Plastow had the judgment entry "in hand."

14

from Polinori's search should not be suppressed.  Consequently, because Ohio's mechanism for the resolution of Fourth Amendment claims is adequate for a full and fair adjudication of those claims, because the state court adjudication of that claim was procedurally adequate, and because the state courts did not commit egregious error in adjudicating Plastow's claim, this court may not consider the merits of Plastow's Fourth Amendment claim.  As he had a full and fair opportunity to adjudicate his claim in the Ohio courts, Plastow may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial.  For this reason, Plastow's sole claim for habeas relief must be dismissed.

IV.

For the reasons given above, Plastow's petition should be dismissed.


Date:  January 14, 2013                          /s/ Nancy A. Vecchiarelli
                                                 United States Magistrate Judge

## OBJECTIONS

**Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after the party objecting has been served with a copy of this Report and Recommendation.  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111.**

15