**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| RICHARD A. PLASTOW, | ) | CASE NO. 3:12CV1838 |
| | ) | |
| Petitioner, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| Vs. | ) | |
| | ) | |
| NEIL TURNER, Warden, | ) | MEMORANDUM OF OPINION |
| | ) | |
| Respondent. | ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter comes before the Court on Petitioner Richard A. Plastow's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (ECF #1). For the following reasons, the Court accepts and adopts the Magistrate Judge's Report and Recommendation, and dismisses Petitioner's Petition.

## **FACTS**

The following is a factual synopsis of Petitioner's claims. The Magistrate Judge's Report and Recommendation, adopted and incorporated, provides a more complete and detailed discussion of the facts.

1

In 2004, Petitioner pled guilty to Gross Sexual Imposition involving a four year old child. The court sentenced him to three years in prison. The sentencing entry in Petitioner's case included a notification of Post Release Control but the trial court at the time failed to apprise Petitioner at his sentencing hearing of Post Release Control. Petitioner did not appeal his 2004 conviction or sentence.

Prior to Petitioner's release from prison, a Post Release Control officer was assigned to supervise Petitioner during his Post Release Control (PRC), which was to continue for five years. In January, 2007, the PRC Officer conducted a placement interview with Petitioner's parents, in anticipation of Petitioner taking up residence with them at their home. During the interview, the Officer advised the parents that there was a warrantless search policy which would allow either him or law enforcement to conduct a search of the residence in relation to Petitioner. The parents agreed to this condition of Petitioner's supervision. Further, Petitioner was required to agree to not possess or use any computer, computer modem, or flash drive without the knowledge and permission of the Adult Parole Authority (APA).

On June 10, 2010, the PRC Officer met with Petitioner to address allegations made by his girlfriend's mother about Petitioner viewing pornography on his computer while staying at their home. Petitioner admitted to the PRC Officer that he had been looking at adult pornography and images of young girls modeling on a computer which he built himself. Based on these admissions, Petitioner was arrested. On the same day, the PRC Officer and another APA officer went to Petitioner's parents' house to further investigate. They were permitted to enter and directed to the basement where they seized a laptop computer and a tower personal computer in addition to a number of thumb drives. These

2

items were delivered to the Stark County Crime Lab for further investigation, and it was subsequently discovered that both computers contained pornography, which included adults, children modeling and nude images of children.

On December 27, 2010, the Stark County Grand Jury indicted Petitioner on four counts of Pandering Obscenity involving a minor. On February 15, 2011, Petitioner filed a Motion to Suppress the evidence seized from his computers. Petitioner argued that his PRC was improper, that the search was conducted without a warrant and therefore, was unconstitutional. On February 22, 2011, the trial court held a hearing on the Motion and overruled Petitioner's Motion to Suppress. On March 14, 2011, Petitioner pled no contest to the indictment and was sentenced to thirty-six months. Petitioner was designated a Tier II Sex Offender and was notified of his duties to register upon release from prison.

On April 11, 2011, Petitioner filed a Motion in the trial court that adjudicated his 2004 conviction, for termination of his Post Release Control from that conviction. On May 10, 2011, the trial court terminated Petitioner's Post Release Control as void. Petitioner timely appealed the 2011 conviction and sentence. On July 18, 2011, the Court of Appeals affirmed the judgment of the trial court. Petitioner appealed the Court of Appeals decision to the Ohio Supreme Court. On November 9, 2011, the Ohio Supreme Court declined jurisdiction and dismissed the appeal as not involving any substantial constitutional question.

Petitioner filed the instant Petition on July 17, 2012, asserting the following ground for relief:

> **GROUND ONE:** In denying petitioner's motion to suppress evidence, the Ohio courts decided the issues contrary to, or involved an unreasable [sic] application of, clearly established federal law or resulted in a decision that was based on the

3

> unreasonable determination of the facts in light of the evidence prsentented [sic] in the state court proceedings, in violation of petitioner's constitutional rights.

On July 18, 2012, this Court referred Petitioner's Petition to the Magistrate Judge for a Report and Recommendation. The Magistrate Judge issued her Report and Recommendation on January 14, 2013. On January 22, 2013, Petitioner filed Objections to the Report and Recommendation. On January 23, 2013, Respondent filed a Response to Petitioner's Objections to Report and Recommendation.

## **STANDARD OF REVIEW**

When a federal habeas claim has been adjudicated by the state courts, 28 U.S.C. § 2254(d)(1) provides the writ shall not issue unless the state decision "was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States." Further, a federal court may grant habeas relief if the state court arrives at a decision opposite to that reached by the Supreme Court of the United States on a question of law, or if the state court decides a case differently than did the Supreme Court on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-406 (2000). The appropriate measure of whether or not a state court decision unreasonably applied clearly established federal law is whether that state adjudication was "objectively unreasonable" and not merely erroneous or incorrect. *Williams*, 529 U.S. at 409-411.

Pursuant to 28 U.S.C. § 2254(e)(1), findings of fact made by the state court are presumed correct, rebuttable only by clear and convincing evidence to the contrary. *McAdoo v. Elo*, 365 F. 3d 487, 493-494 (6th Cir. 2004). Finally, Rule 8(b)(4) of the Rules Governing §2254 states:

4

> A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify in whole or in part any findings or recommendations made by the magistrate.

## **ANALYSIS**

Petitioner contends that the trial court violated his Fourth Amendment rights by denying his Motion to Suppress the evidence obtained from the PRC Officer's search. Petitioner contends that since the portion of his 2004 sentence requiring Post Release Control was void, everything flowing from that void portion of his sentence was a legal nullity, including his status on Post Release Control. Petitioner contends that there was no legal basis for the PRC Officer's search of Petitioner's room, and the results of that search should have been suppressed. Additionally, Petitioner contends that the Ohio courts deprived him of the opportunity to fully litigate his Fourth Amendment claim by ignoring parts of his legal argument, making unreasonable determinations of fact in light of the evidence, and by misapplying relevant federal law.

Respondent asserts that the officer who searched Petitioner's residence and seized incriminating evidence had an objectively reasonable belief that Petitioner was on Post Release Control at the time of the search. Respondent asserts that Petitioner was able to fully and fairly litigate his Fourth Amendment claims in state court and that the trial court record clearly establishes that Petitioner fully briefed his Fourth Amendment claims. Petitioner was represented by counsel and a hearing was held. Petitioner did not challenge the 2004 sentencing entry until after the search and seizure, after his suppression hearing and after his March 2011 conviction. Petitioner did not file a Motion to terminate his post-release control until April 11, 2011, and the 2004

sentencing order remained in effect until May 10, 2011.

The Magistrate Judge points out that habeas corpus is not generally available on the ground of a violation of rights protected by the Fourth Amendment if the petitioner had an opportunity to present the Fourth Amendment claims in state courts. The Supreme Court has held that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." *Stone v. Powell*, 428 U.S. 465, 494 (1976).

The Magistrate Judge thoroughly examined the record of the state court proceedings and determined that the adjudication of the claims were procedurally adequate. Petitioner appealed to the Court of Appeals and the Ohio Supreme Court. The Court agrees with the Magistrate Judge that there were no procedural shortcomings in the state adjudication of the claims. Although Petitioner contends that the state courts ignored parts of his legal argument, made unreasonable determinations of fact in light of the evidence, and misapplied relevant federal law, he has failed to demonstrate egregious error.

In *United States v. Leon*, 468 U.S. 897, 926 (1984), the Supreme Court held that the fruits of a search which violates the Fourth Amendment need not be suppressed unless the searching officers either "were dishonest or reckless in preparing their affidavit or could not have harbored an objectively reasonable belief in the existence of probable cause." The record clearly shows that the PRC Officer believed he was conducting a lawful search. The Court agrees with the Magistrate Judge's determination that the issue of whether the PRC was void ab initio is not relevant or

6

material to the issue of whether the PRC Officer reasonably believed the search was legally justified. The Court of Appeals found no error in the trial court's denial of the Motion to Suppress evidence because the PRC Officer did obtain an opinion from the APA regarding the validity of Petitioner's sentence, and thus believed his actions were authorized.

Therefore, the Court finds the Magistrate Judge correctly concluded that the Court of Appeals decision was entirely in accord with the holding in *Leon.* In his Objections to the Report and Recommendation, Petitioner asserts that the facts of *Leon* describe a situation that is much different from the instant case. The Court disagrees. The Court of Appeals found that the fruits of a search that violates the Fourth Amendment should only be suppressed if the searching officers were dishonest or reckless in preparing their affidavit or could not have had an objectively reasonable belief that there was probable cause for the search; clearly in accord with *Leon*.

The Court finds that Petitioner has not met his burden demonstrating the state court adjudication of that claim was procedurally inadequate. Petitioner had a full and fair opportunity to adjudicate his claim in the Ohio courts.

For the foregoing reasons, the Court finds the Magistrate Judge's Report and Recommendation accurately and thoroughly addresses Petitioner's arguments. The Court **ADOPTS** and **ACCEPTS** the Magistrate Judge's well-reasoned Report and Recommendation and dismisses Petitioner's Petition Under 28 U.S.C. §2254 for Writ of Habeas Corpus by a Person in State Custody.

The Court finds an appeal from this decision could not be taken in good faith. 28 U.S.C. § 1915 (a)(3). Since Petitioner has not made a substantial showing of a denial

of a constitutional right directly related to his conviction or custody, the Court declines to issue a certificate of appealability. 28 U.S.C. § 2253 (c)(2); Fed. R. App. P. 22(b).

   IT IS SO ORDERED.


Date:1/30/2013       s/Christopher A. Boyko
             CHRISTOPHER A. BOYKO
             United States District Judge